**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES A. LEWIS,

      Petitioner,                    Civil No. 2:10-CV-10440

                                        HONORABLE VICTORIA A. ROBERTS

v.                                  UNITED STATES DISTRICT JUDGE

DEBRA L. SCUTT,

      Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT**
**OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

James A. Lewis, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a), and second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts, and that are not included in his habeas petition.

For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice. The Court will also administratively close the case.

1

## I.  Background

Petitioner was convicted of offenses following a jury trial in the Macomb County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Lewis,* No. 277755 (Mich.Ct.App. June 26, 2008); *lv. den.* 482 Mich. 1036; 757 N.W. 2d 98 (2008).

On January 26, 2010, Petitioner filed this application for writ of habeas corpus. [1] Petitioner seeks habeas relief on two grounds that he raised in the state courts on his direct appeal: (i) Police officer testimony that Mr. Lewis was untruthful when speaking with police violated Mr. Lewis's constitutional rights to a fair trial.  Defense counsel rendered ineffective assistance of counsel when he failed to object to this testimony; (ii) the prosecutor's misconduct in vouching for the truthfulness of the complainant and an eyewitness and evoking sympathy for the complainant deprived Mr. Lewis of his constitutional rights to a fair trial.  Defense counsel rendered ineffective assistance of counsel when he failed to object to this misconduct.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts.

## II.  Discussion

A federal district court has authority to abate or dismiss a federal habeas action

---

[1]  Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on January 26, 2010, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d
491, 493 (5th Cir. 1998).  However, to stay federal proceedings and hold a habeas petition
in abeyance pending resolution of state court proceedings, there must be exceptional or
unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D.
Mich. 2002)(Lawson, J.); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich.
1999)(Tarnow, J.).  A federal district court is authorized to stay fully exhausted federal
habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk
v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that
district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.
3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th
Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains
only exhausted claims "when considerations of comity and judicial economy would be
served")(quoting *Nowaczyk*, 299 F. 3d at 83); *Moritz v. Lafler,* No. 2008 WL 783751
(E.D. Mich. March 19, 2008)(Tarnow, J.); *Williams v. Trombley,* No. 2006 WL 36755, *
2 (E.D. Mich. January 4, 2006)(Roberts, J.); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42
(W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court grants Petitioner's motion to hold the petition in abeyance while he
returns to the state courts to exhaust.  The outright dismissal of the petition, albeit without
prejudice, might result in preclusion of consideration of the Petitioner's claims in this
Court due to the expiration of the one year statute of limitations contained in the
Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A

common circumstance calling for abating a habeas petition arises when the original

petition was timely filed, but a second, exhausted habeas petition would be time barred by

the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th

Cir. 2002).

The U.S. Supreme Court suggested that a habeas petitioner who is concerned about

the possible effects of his state post-conviction filings on the AEDPA's statute of

limitations could file a "protective" petition in federal court and then ask for the petition

to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace*

*v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).

A federal court may stay a federal habeas petition and hold further proceedings in

abeyance pending resolution of state court post-conviction proceedings, if there is good

cause for failure to exhaust and the unexhausted claims are not "plainly meritless."

*Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F.

3d 410, 419 (6th Cir. 2009). Further, Petitioner may assert that he did not previously raise

these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,*

at 419, nn. 4 and 5. Finally, it does not appear that Petitioner has engaged in

"intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending

exhaustion, the district court "should place reasonable time limits on a petitioner's trip to

state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by

4

Petitioner in exhausting state court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within one hundred and eighty days of receiving this Court's order, and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721*; See also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method to properly exhaust these claims in the state courts would be through filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. *See Wagner,* 581 F. 3d at 419; *See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208

5

F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## III.  ORDER

Petitioner may file a motion for relief from judgment with the state court within **one hundred and eighty (180) days of receipt of this Court's order.**  If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he must notify this Court that the motion papers were filed in state court.  The case will then be held in abeyance pending exhaustion of the claims.  Petitioner must re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry can be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


                                         S/Victoria A. Roberts

                                         Victoria A. Roberts

Dated:  March 31, 2011               United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record and James A. Lewis by electronic means or U.S. Mail on March 31, 2011.

s/Carol A. Pinegar
Deputy Clerk